JUDGE BERMAN

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

'09 CIV 8574

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SERAPIO DIEGO-SILVERIO, on his own behalf and on the
behalf of others similarly situated

COMPLAINT

JURY TRIAL
DEMANDED

Plaintiffs,

-against-

EVERGREEN SHANGHAI RESTAURANT, INC. AND
LIN CHENG JIAN an individual,

Defendants.

-----------------------------------------------------------------X

1. Plaintiff, **SERAPIO DIEGO-SILVERIO** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, **SERAPIO DIEGO-SILVERIO**, through undersigned counsel, brings this action against EVERGREEN SHANGHAI RESTAURANT, INC. and LIN CHENG JIAN, an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the EVERGREEN SHANGHAI RESTAURANT, located at 913 Second Avenue, New York, NY 10017.

3. Plaintiff **SERAPIO DIEGO-SILVERIO** was employed by Defendants to work as a cook and dishwasher at the EVERGREEN SHANGHAI

RESTAURANT from approximately November 2003 until his employment was terminated on August 13, 2009.

4. Although Plaintiff **SERAPIO DIEGO-SILVERIO** worked approximately seventy-two (72) hours or more per week during the period of November 2003 through August 13, 2009, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

5. Although Plaintiff **SERAPIO DIEGO-SILVERIO** worked approximately seventy-two (72) hours or more per week during the period of November 2003 through August 13, 2009, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

6. Although Plaintiff **SERAPIO DIEGO-SILVERIO** worked approximately seventy-two (72) hours or more per week during the period of November 2003 through August 13, 2009, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the New York Labor Law.

7. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C §1367.

10. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

12. Plaintiff, **SERAPIO DIEGO-SILVERIO**, resides at 516 West 143 Street, Apt 5C, New York, NY 10030, in New York County, New York and was employed by Defendants at EVERGREEN SHANGHAI RESTAURANT, located at 913 Second Avenue, New York, NY 10017 in New York County, New York from on or about November 2003 until August 13, 2009.

13. Upon information and belief, Defendant, EVERGREEN SHANGHAI RESTAURANT, INC., is a corporation organized under the laws of New York with a principal executive office at 913 Second Avenue, , New York, NY 10017

14. Upon information and belief, Defendant, EVERGREEN SHANGHAI RESTAURANT, INC., is a corporation authorized to do business under the laws of New York.

15. Upon information and belief, Defendant LIN CHENG JIAN owns and/or operates EVERGREEN SHANGHAI RESTAURANT, located at 913 Second Avenue, New York, NY 10017

16. Upon information and belief, Defendant LIN CHENG JIAN is the Chairman of the Board of EVERGREEN SHANGHAI RESTAURANT.

17. Upon information and belief, Defendant LIN CHENG JIAN is the Chief Executive Officer of EVERGREEN SHANGHAI RESTAURANT.

18. Upon information and belief, Defendant LIN CHENG JIAN is an agent of EVERGREEN SHANGHAI RESTAURANT.

19. Upon information and belief, Defendant LIN CHENG JIAN has power over personnel decisions at EVERGREEN SHANGHAI RESTAURANT

20. Upon information and belief, Defendant LIN CHENG JIAN has power over payroll decisions at EVERGREEN SHANGHAI RESTAURANT.
21. Defendant LIN CHENG JIAN has the power to hire and fire employees at the EVERGREEN SHANGHAI RESTAURANT, establish and pay their wages, set their work schedule, and maintains their employment records
22. During all relevant times herein, Defendant LIN CHENG JIAN was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.
23. On information and belief, EVERGREEN SHANGHAI RESTAURANT is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000

## STATEMENT OF FACTS

24. Plaintiff, **SERAPIO DIEGO-SILVERIO**, was employed by Defendants at the EVERGREEN SHANGHAI RESTAURANT in New York, New York, between approximately November 2003 and August 13, 2009.
25. During his employment by Defendants at EVERGREEN SHANGHAI RESTAURANT, Plaintiff's primary duties were working as a cook and dishwasher, and performing other miscellaneous duties as directed by supervisors and managers.
26. Defendants usually created a work schedule, requiring Plaintiff **SERAPIO DIEGO-SILVERIO** to work well more than forty (40) hours per week.
27. Plaintiff, **SERAPIO DIEGO-SILVERIO**, was employed by Defendants to work as a cook and dishwasher between approximately November 2003 until his employment was terminated on August 13, 2009.
28. Although Plaintiff worked approximately seventy-two (72) hours or more per week during the period of November 2003 through August 13, 2009,

4

Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law

29. In fact, the schedule created by Defendants required Plaintiff to work approximately seventy-two (72) hours or more per week.

30. Despite the long hours that Plaintiff **SERAPIO DIEGO-SILVERIO** worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from November 2003 to August 13, 2009.

31. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

32. During many or all weeks in which Plaintiff **SERAPIO DIEGO-SILVERIO** was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

33. Defendants did not pay Plaintiff **SERAPIO DIEGO-SILVERIO** for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

34. At all relevant times, the FLSA, 29 U.S.C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 and $7.25 per hour.

35. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff a minimum wage of $5.15, $6.00, $6.75, $7.15 and $7.25.

36. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the restaurant as required by both NYLL and the FLSA.

37. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

38 Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act

## FIRST CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

39 Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40 Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

41. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

42. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

43. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

44. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651

49. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law

50. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

51. Defendants also failed to pay Plaintiff the required minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

52. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a)

## THIRD CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

55. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

56. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

58. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiffs

59. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C §216(b).

## FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

62. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

63. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a)

# FIFTH CAUSE OF ACTION

## Spread of Hours Compensation Under New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4

66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663(1)

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiff unpaid minimum wages, overtime wages and spread of hours;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This \_\_\_25\_\_\_ day of September, 2009.

_____
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERAPIO DIEGO-SILVERIO, on his own behalf
and on the behalf of others similarly situated

             Plaintiffs,

     -against-

EVERGREEN SHANGHAI RESTAURANT
AND LIN CHENG JIAN an individual,

             Defendants.

---

## SUMMONS & COMPLAINT

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

**EVERGREEN SHANGHAI RESTAURANT
913 SECOND AVENUE
NEW YORK, NY 10017**

**LIN CHENG JIAN
785 BROADWAY
NEW YORK, NY 10003**